Li v. Sessions

BIA
Poczter, IJ
A205 826 146

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand seventeen.

PRESENT:
>  JOSÉ A. CABRANES,
>  DENNY CHIN,
>  SUSAN L. CARNEY,
>     *Circuit Judges.*

_____

HUI LI,
>     *Petitioner,*

>  v.                                          16-2362
>                                              NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:        Wei Gu, Albertson, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Derek C. Julius,
                       Assistant Director; W. Daniel Shieh,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hui Li, a native and citizen of the People's Republic of China, seeks review of a June 10, 2016, decision of the BIA affirming a June 10, 2015, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Li,* No. A205 826 146 (B.I.A. June 10, 2016), *aff'g* No. A205 826 146 (Immig. Ct. N.Y. City June 10, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's

. . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Li was not credible as to his claim that the Chinese government detained and beat him for protesting the expropriation of his family's land without just compensation.

The agency reasonably relied on the inconsistency between Li's statement at an asylum interview that he was detained for 1 week and his hearing testimony that he was detained for 18 days.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67.  The agency did not err in finding the record of Li's asylum interview reliable because it included a typewritten transcript of the interview and reflected that Li understood the interpreter and was asked questions designed to elicit details of his claim.  *See Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006) (providing that "asylum interviews do not call for special scrutiny, as airport interviews do," and finding reliable for credibility purposes an interview record

3

that "contain[ed] a meaningful, clear, and reliable summary of the statements made by [petitioner]" (internal quotation marks and citation omitted)); *Ming Zhang v. Holder*, 585 F.3d 715, 721-22 (2d Cir. 2009) (recognizing that interview record "bears hallmarks of accuracy and reliability" when it contains "a verbatim account or transcript[,] . . . was conducted in a manner designed to elicit the details of an asylum claim[,] . . . and . . . contains no indication that the alien was reluctant to reveal information or did not understand English or the translations provided by the interpreter." (internal quotation marks and citations omitted)). Furthermore, the interview record does not support Li's argument that his statement may have been inaccurately recorded because he verified his answer later in the interview.

The agency also reasonably relied on inconsistencies in Li's evidence regarding whether he had signed a land expropriation agreement, which member of his family had received compensation for his family's land, and how soon after being injured he received medical care. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-67 & n.3. Li did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d

4

Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

In addition, the agency reasonably relied on Li's failure to rehabilitate his credibility with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)(per curiam). The agency did not err in affording limited weight to unsworn letters from Li's father, sister, and neighbor in China, as they were interested witnesses. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). The agency also did not err in finding a bail notice and a land expropriation agreement insufficient to rehabilitate Li's inconsistent statements: the notice and agreement, which were both generic forms with Li's personal information handwritten into the blank spaces, were not authenticated by any means. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("An IJ may, either

5

expressly or impliedly, rely on *falsus in uno* to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's *own* credibility.").

In light of the inconsistencies and lack of independent and reliable corroboration, we concluded that the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of Li's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk